October 25, 2016

Chubb
11575 Great Oaks Way
Suite 200
Alpharetta, GA 30022

O  +1 (678) 795.4292
E  whit.kelly@chubb.com

Dr. Michael Robinson
Pine Bluff School District
512 S. Pine St.
Pine Bluff, AR 71601

**CHUBB**

| | |
|---|---|
| **Insured:** | Pine Bluff School District |
| **Policy #:** | G23670471 004 |
| **Claimant:** | Celeste Alexander |
| **Claim #:** | JY16J0554015 |

_____

Dear Mr. Robinson:

We are in receipt of your broker's October 3, 2016 letter regarding the lawsuit filed by Celeste Alexander ("Alexander"). We are directing this letter to you as the authorized representative of Pine Bluff School District (the "Insured"). Although our investigation of this matter is ongoing, based on the information received to date, ACE American Insurance Company ("Chubb") is pleased to advise you that it will accept this matter as a Claim. Chubb sets forth below comments with respect to this matter.

**Summary of the Matter**

On September 22, 2016, Alexander filed a lawsuit against the Insured and Michael Nellums ("Nellums"; collectively referred to as the "Defendants") in the U.S. District Court-Eastern District of Arkansas. Alexander's causes of action are: (1) violation of Title VII of the Civil Rights Act-retaliation (against the Insured), (2) violation of the Arkansas Civil Rights Act-sexual harassment (against the Defendants), (3) violation of the Arkansas Civil Rights Act-retaliation (against the Defendants), (4) outrage (against the Defendants), and (5) promissory estoppel (against the Defendants).

Alexander alleges that starting in November 2014, Nellums began to sexually harass her. Alexander states that she rejected all of Nellums's advances. As a result of her rejection, Alexander alleges that Nellums retaliated against her and eventually terminated her under the guide of a reduction in force. In April 2015, Alexander states that she was notified she would be included in a Reduction of Force. Alexander alleges that she then met with a representative of the Arkansas Education Association and complained of sexual harassment and retaliation against her. In June 2015, Alexander states that she reported the sexual harassment to her superiors through a grievance process. Alexander alleges that Nellums then retaliated against her by filing a grievance against her and stating that she should not be eligible for re-employment with the Insured. Alexander alleges that the Insured ratified or acquiesced Nellums harassment and retaliatory conduct and did not prevent such treatment. Alexander demands general damages for mental and emotional suffering, punitive damages, special damages and/or liquidated damages for lost wages and benefits, reasonable attorney's fees and expenses, prejudgment interest, declaratory relief and injunctive relief or reinstatement or front pay.

**The Policy**

Chubb issued an ACE Scholastic Advantage Educators Legal Liability Policy, Policy No. G23670471 004 ("the Policy") to the Insured for the Policy Period February 1, 2016 to February 1, 2017. The Policy has a Limit of Liability of $1,000,000 Aggregate for all Damages and Claims Expenses and a $25,000 per Claim Retention for Damages and Claims Expenses under Insuring Agreement IC.

As Nellums was an Insured Educator of the Educational Institution, Nellums is also an Insured under the Policy.

**Request for Additional Information**

Upon receipt of this correspondence, please provide the following information: **(i) a copy of the charge filed by Alexander with the U.S. Equal Employment Opportunity**

Pine Bluff School District
JY16J0554015

Commission ("EEOC") and (ii) a copy of any written demands, complaints, grievances, etc. from Alexander received by the Insured prior to the EEOC charge and lawsuit. Chubb reserves the right to amend and/or deny coverage based upon review of this information.

### Coverage Analysis

We currently know very little about this claim aside from what is alleged in the lawsuit filed by Alexander. As this matter progresses, however, additional facts and/or defenses may be developed which may have an impact on existing coverage issues. Should this occur, please notify Chubb immediately and we will forward a supplemental letter advising of any change in our position, if necessary. In the meantime, please note that coverage is potentially afforded for this matter, subject to our continuing analysis and the reservations contained herein.

"**Damages**" **found in Clause** III-(K) are defined, in relevant part, as:

> 1. compensatory damages, 2. judgments, 3. any award of prejudgment and post-judgment interest, and 4. settlements which the Insured becomes legally obligated to pay on account of any Claim first made against any Insured during the Policy Period or, if elected, the Extended Reporting Period, for Wrongful Acts to which this Policy applies. Damages also include punitive and exemplary damages and the multiple portion of any multiplied damage award, if and to the extent such damages are insurable under the law of the applicable jurisdiction most favorable to the insurability of such damages. With respect to any Claim arising out of a Wrongful Employment Practice, Damages shall also mean: 1. front pay and back pay, except as otherwise stated below; and 2. liquidated damages awarded pursuant to the Age Discrimination in Employment Act of 1967 or the Equal Pay Act of 1963. Damages shall not include: 1. any amount for which the Insured is not financially liable or legally obligated to pay; 2. taxes, fines or penalties; 3. matters uninsurable under the laws pursuant to which this Policy is construed; 4. employment-related benefits, retirement benefits, perquisites, vacation and sick days, medical and insurance benefits, deferred cash incentive compensation or any other type of compensation; provided, however, this limitation does not include salary, wages, bonuses, commissions and nondeferred cash incentive compensation in a settlement or judgment for a Wrongful Employment Practice; 5. the cost to comply with any injunctive or other non-monetary or declaratory relief, including specific performance, or any agreement to provide such relief; 12. liquidated damages, except to the extent specifically included as Damages above; To the extent that any damages in this matter do not satisfy the definition of Loss, coverage for this matter may be limited.

To the extent that any damages in this matter do not satisfy the definition of Damages, coverage for this matter may be limited.

There may be additional Policy provisions that apply to this matter. This letter addresses only those provisions that appear pertinent at this time in light of the facts currently known and available to us, without accepting or implying that the allegations have any factual or legal merit. If there is any additional information that may affect Chubb's position or analysis, please forward such information to my attention.

### Defense and Mutual Obligations

Pursuant to Endorsement #5, the Insured shall have the right to appoint counsel subject to the prior written approval of the Insurer; however, the Insurer shall make such investigation and defense of a Claim as it deems necessary. It is our understanding that the Insured has retained Cody Kees, Esq. of Bequette & Billingsley to represent them in this matter. Chubb consents to this arrangement subject to previously agreed upon rates and compliance with the Chubb Legal Services Agreement. **Please contact me to discuss the assignment of counsel to represent Nellums.**

In addition, the Policy requires the Insureds cooperate with Chubb in the defense of this matter. We therefore ask that you or defense counsel provide periodic updates on the status of this case, as well as copies of significant correspondence, documents and filings on an ongoing basis. Additionally, under the Policy, the Insureds agree not to settle or offer to settle any Claim, incur any Costs, Charges and Expenses or otherwise assume any contractual obligation or admit any liability with respect to any Claim without our prior written. Therefore, all settlement demands, offers or proposals made by Alexander or contemplated by the Insured should be conveyed to us before any action is taken.

Finally, pursuant to Clause XII, the Policy states that coverage under this Policy shall apply

primary to any other applicable insurance. We therefore recommend that the Insureds notify all other Insurers that may provide coverage for this matter and request copies of all other insurance policies and communications exchanged with any other insurers regarding this matter.

**Conclusion**

As noted above, Chubb's **investigation of this matter is continuing.** Chubb therefore reserves all rights with regard to the above referenced provisions, as well as all other rights, remedies and defenses under the Policy, at law, and in equity. These reservations include, but are not limited to, the right to withdraw the defense provided in this matter and the right to amend this letter to address additional coverage issues as they may arise, based upon the Policy and/or any additional facts that may come to Chubb's **attention. Nothing** contained in this letter, and no action on our part in investigating these matters, should be construed as an admission of coverage or as a waiver of any right, remedy, or defense that may be available to Chubb.

We hope this letter was helpful in identifying for you the potential coverage issues for this claim. If you have any questions concerning this correspondence, please do not hesitate to contact me at (678) 795-4292.

Sincerely,

*[signature: Whit Kelly]*

Whit Kelly
Claims Specialist-Chubb North American Financial Lines-EPL

cc:  Bill Birch           (bill.birch@bxsi.com)
     Sara Collier         (sara.collier@bxsi.com)
     Laurie Mandell       (laurie.mandell@chubb.com)