Chubb Insurance
11575 Great Oaks Ways
Suite 200
Alpharetta, GA 30022

O  +1 (678) 795-4292
E  whit.kelly@Chubb.com

February 14, 2018

*Via E-mail and Certified Mail: michael.robinson@pinebluffschools.org*
Dr. Michael Robinson
Pine Bluff School District
512 S. Pine St.
Pine Bluff, AR 71601

|  |  |
|---|---|
| **Insured:** | Pine Bluff School District |
| **Policy #:** | G23670471 004 |
| **Claimant**: | Celeste Alexander |
| **Claim**#: | JY16J0554015 |

_____

Mr. Robinson:

We are in receipt of your broker's letter dated October 3, 2016 regarding the lawsuit filed by Celeste Alexander ("Alexander"). We are directing this letter to you as the authorized representative of Pine Bluff School District (the "Insured"). Please note that this letter supplements our previous coverage letter issued on October 25, 2016, which is incorporated by reference herein. Based upon a review of the Policy and additional facts received, ACE American Insurance Company ("Chubb") will not be providing coverage for this matter. In issuing this analysis, Chubb does not wish to imply that the allegations have any merit whatsoever. If you have any additional information that you believe may affect coverage for this matter, please forward it to my attention. Further, to the extent you have not yet done so, we suggest that you provide notice of this matter to any other insurers that may potentially afford coverage.

**Summary of the Matter**

On June 3, 2015, Alexander filed a grievance form with the Insured. In the grievance, Alexander alleged that Michael Nellums sexually harassed her. She alleged that her rejection of Nellums's advances resulted in a demotion and in her ultimate inclusion in a Reduction in Force ("RIF"). In her grievance, Alexander does not make any demands.

On December 1, 2015, Alexander filed a charge of retaliation against the Insured with the U.S. Equal Employment Opportunity Commission ("EEOC"), making the same factual allegations as in her prior grievance. On January 21, 2016, the Insured filed a Mediation Statement with the EEOC stating that the Insured was not interested in mediation. The Insured then filed a position statement with the EEOC in response to Alexander's charge on January 28, 2016. Also, on January 29, 2016, the Insured submitted a First Amended/Substituted Response to the EEOC. The EEOC issued a Dismissal and Notice of Rights to Alexander on June 24, 2016.

Subsequently, on September 22, 2016, Alexander filed a lawsuit against the Insured and Michael Nellums ("Nellums"; collectively referred to as the "Defendants") in the U.S. District Court-Eastern District of Arkansas. Alexander's causes of action are: (1) violation of Title VII of the Civil Rights Act-retaliation (Insured), (2) violation of the Arkansas Civil Rights Act-sexual harassment (the Defendants), (3) violation of the Arkansas Civil Rights Act-retaliation (the Defendants), (4) outrage (the Defendants) and (5) promissory estoppel (the Defendants). Alexander alleges that starting in November 2014, Nellums began to sexually harass her. In April 2015, Alexander states that she was notified she would be included in a RIF. Alexander alleges that she then met with a representative of the Arkansas Education Association and complained of sexual harassment and retaliation against her. In June 2015, Alexander states that she reported the sexual harassment to her superiors through a grievance process. Alexander alleges that Nellums then retaliated against her by filing a grievance against her and stating that she should not be eligible for re-employment with the Insured. Alexander demands general damages for mental and emotional suffering, punitive damages, special damages and/or liquidated damages for lost wages and benefits, reasonable attorney's fees and expenses, prejudgment interest, declaratory relief and injunctive relief or reinstatement or front pay.

**The Policy**

Chubb issued an ACE Scholastic Advantage Educators Legal Liability Policy, Policy # G23670471 004 ("the Policy"), to the Insured for the Policy Period of February 1, 2016 to February 1, 2017. The Policy has a Limit of Liability of $1,000,000 aggregate for all Damages and Claims Expenses, and a $25,000 Retention for Damages and Claims Expenses under Insuring Agreement IC ("Employment Practices Liability").

As Nellums was an Insured Educator of the Educational Institution, Nellums is also an Insured under the Policy.

**Coverage Analysis**

We currently know little about this claim, aside from what is alleged in the materials provided. As this matter progresses, however, additional facts and/or defenses may be developed which may have an impact on existing coverage issues. Should this occur, please notify Chubb immediately and we will forward a supplemental letter advising of any change in our position, if necessary. In the meantime, we would like to bring your attention to certain coverage issues which preclude coverage under the Policy.

Clause VIII (B)(2) states:

> All Claims arising out of the same Wrongful Act and all Interrelated Wrongful Acts of the Insureds shall be deemed to be one Claim. Such Claim shall be deemed to be first made on the date the earliest of such Claim is first made, regardless of whether such date is before or during the Policy Period.

Clause III (X) defines Interrelated Wrongful Acts as:

> All Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes.

Alexander filed an EEOC charge against the Insured alleging retaliation. In the EEOC charge, Alexander states that she was retaliated against for filing sexual harassment allegations against Nellums. Alexander then filed a lawsuit against the Insured and Nellums, making duplicative factual allegations and alleging retaliation and sexual harassment. As Alexander's EEOC charge and lawsuit allege the same series of facts and Wrongful Acts, they are considered to be one Claim, first made no later than January 21, 2016, when the Insured filed a mediation statement with the EEOC.

The Insuring Agreement, found in Clause I (C), provides that:

> The Insurer will pay on behalf of the Insureds all Damages and Claims Expenses for which the Insureds becomes legally obligated to pay by reason of a Claim first made against them and reported to the Insurer during the Policy Period or, if elected, the Extended Reporting Period, for any Wrongful Act taking place prior to the end of the Policy Period.

Claim, found in Clause III (D), is defined, in relevant part, as:

> (4) a civil, administrative or regulatory proceeding against any Insured commenced by the issuance of a notice of charge or formal investigative order, including without limitation any such proceeding by or in association with the Equal Employment Opportunity Commission or any other similar federal, state or local governmental authority located anywhere in the world;

As the definition of a Claim includes EEOC charges and as stated above, the Claim in this matter is considered made no later than January 21, 2016, when the Insured filed a Mediation Statement with the EEOC, and prior to the policy period of February 1, 2016 to February 1, 2017.

Clause X (A), as amended by Endorsement #4, provides that:

> The Insured shall, as a condition precedent to their rights under this Policy, give to the Insurer written notice of any Claim as soon as practicable, but in no event later than 60 days after: (1) the end of the Policy Period, or (2) with respect to Claims first made during any applicable Automatic or Optional Extended Reporting Period, the end of such Automatic or Optional Extended Reporting Period.

This matter was first reported to Chubb on October 3, 2016. As this Claim was not both made and reported pursuant to the terms of the Policy, coverage for this matter is precluded in its entirety.

This Claim was also reviewed under Policy #G23670471 003 ("003 Policy") with a Policy Period of April 2, 2015 through February 1, 2016. Pursuant to Clause X (A), as amended by Endorsement #4, of that policy, the Insureds shall, as a condition precedent to their rights under the Policy, give to the Insurer written notice of any Claim as soon as practicable, but in no event later than 60 days after: (1) the end of the Policy Period, or (2) with respect to Claims first made

during any applicable Automatic or Optional Extended Reporting Period, the end of such Automatic or Optional Extended Reporting Period. As stated above, Chubb was first provided with notice of this matter on October 3, 2016, more than 60 days after the end of the 003 Policy. Accordingly, there is also no coverage under the 003 Policy.

There may be additional Policy provisions that apply to this matter. This letter addresses only those provisions that appear pertinent at this time in light of the facts currently known and available to us, without accepting or implying that the allegations have any factual or legal merit. If there is any additional information that may affect Chubb's position or analysis, please forward such information to my attention.

**Conclusion**

In light of the foregoing, and based on the information provided to date, Chubb respectfully denies coverage under the Policy. If you have any additional information that you believe may affect coverage for this matter, please forward it to my attention. Chubb recommends that the Insureds notify all other insurers that may provide coverage for this matter.

Chubb reserves the right to deny coverage based upon grounds other than those expressly set forth in this letter and to supplement and/or amend this letter to address additional coverage issues as they may arise, based upon all of the provisions, terms, conditions, exclusions, endorsements and definitions found in the Policy and additional facts that may come to Chubb's attention. Nothing stated herein and no further action taken by Chubb or on its behalf should be construed as a waiver of any of its rights under the Policy. On the contrary, by providing this or any prior correspondence to the Insured, engaging in any prior or future discussions with the Insured, or paying or agreeing to pay any amount to or on behalf of the Insured, Chubb does not waive any rights that it has under the Policy.

If you have any questions concerning this correspondence, please do not hesitate to contact me at (678)-795-4292.

Sincerely,

Whit Kelly
Claims Specialist

cc:   Bill Birch – bill.birch@bxsi.com
      Sara Collier – sara.collier@bxsi.com
      Ala Barreto – ala.barreto@chubb.com