**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**PINE BLUFF SCHOOL DISTRICT**                                                **PLAINTIFF**

**VS.**                                   **NO. 5:18CV185-KGB**

**ACE AMERICAN INSURANCE COMPANY**                          **DEFENDANT**


### RESPONSE TO STATEMENT OF UNDISPUTED FACTS

**A. The 2015 Policy**

<u>**Defendant's Statement of Fact No 1**</u>:      ACE issued ACE Scholastic
Advantage Educators Legal Liability Policy No. EON G23670471 003 to Plaintiff
Pine Bluff School District's ("P.B.S.D.") for the period April 2, 2015 to February
1, 2016 (the "2015 Policy").1 The Declarations for the 2015 Policy contain a
statement in bold and capital letters stating that "**THIS POLICY IS A CLAIMS
MADE AND REPORTED POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN,
THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS
AND REPORTED TO THE INSURER DURING THE POLICY PERIOD....**"

<u>**Plaintiff's Response**</u>:      Admit.

<u>**Defendant's Statement of Fact No 2**</u>:        The Insuring Agreement for the
Employment Practices Liability coverage section in the 2015 Policy provides
that "[t]he Insurer will pay on behalf of the Insureds all Damages and Claims
Expenses for which the Insured becomes [sic] legally obligated to pay by reason

of a Claim first made against an Insured and reported to the Insurer during the Policy Period…."

**Plaintiff's Response:** Admit.

**Defendant's Statement of Fact No 3:**        The 2015 Policy defines "Claim" to include "a civil, administrative or regulatory proceeding against any Insured commenced by…the issuance of a notice of charge or formal investigative order, including without limitation any such proceeding by or in association with…the Equal Employment Opportunity Commission." The 2015 Policy also defines "Claim" to include "a civil proceeding against any Insured seeking monetary Damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading.

**Plaintiff's Response:**   Admit that the language set forth above is included in the definition of "Claim".  However, there are several other sub paragraphs setting forth instances which fall within the definition of "Claim".

**Defendant's Statement of Fact No 4:**        The Limit of Liability Section for the 2015 Policy provides, in part, "[a]ll Claims arising out of the same Wrongful Act and all Interrelated Wrongful Acts of the Insureds shall be deemed to be one Claim. Such Claim shall be deemed to be first made on the date the earliest of such Claim is first made, regardless of whether such date is before or during the Policy Period."

2

**Plaintiff's Response:**      Admit.

**Defendant's Statement of Fact No 5:**      "Wrongful Acts" are defined in the 2015 Policy to include "Wrongful Employment Practices committed or attempted by the Educational Institution or by any Insured Educator acting solely in their capacity as such and on behalf of the Educational Institution...." "Wrongful Employment Practices" include "1. wrongful dismissal, discharge or termination, whether actual or constructive; . . . 3. Discrimination; . . . 4. Sexual Harassment or unlawful workplace harassment; . . . 8. wrongful discipline; 9. Retaliation...of any past, present or prospective full-time, part-time, seasonal and temporary Employee...of the Educational Institution."

**Plaintiff's Response:**      Admit that this language is included in the definitions of "Wrongful Acts" or "Wrongful Employment Practices", however, Defendant has only set forth portions of the defined terms.

**Defendant's Statement of Fact No 6:**      "Interrelated Wrongful Acts" are defined in the 2015 Policy as "[a]ll Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause of series of related facts, circumstances, situations, events, transactions or causes."

**Plaintiff's Response:**      Admit.

**Defendant's Statement of Fact No 7:**      The Notice Section for the 2015 Policy states that "[t]he Insured shall, as a condition precedent to their rights

3

under this Policy, give to the Insurer written notice of any Claim as soon as practicable, but in no event later than 30 days after: 1. the end of the Policy Period...."

**Plaintiff's Response**:   Admit that this language is included in the "Notice" Section of the Policy, however, Defendant has only set forth a portion of the "Notice" section above.

**Defendant's Statement of Fact No 8**:   Endorsement 4 to the 2015 Policy amends the Notice provision "by deleting the phrase '30 days' and inserting the phrase '60 days'."

**Plaintiff's Response**:   Admit.

**Defendant's Statement of Fact No 9**:   The 2015 Policy includes the following definition for "Policy Period": "The period of time specified in Item 2 of the Declarations, subject to prior termination pursuant to Section VIX, Termination of the Policy."

**Plaintiff's Response**:   Admit in part and deny in part.  Deny that the definition of "Policy Period" refers to Section VIX, because it actually refers to Section XIV.  Otherwise admitted.

**Defendant's Statement of Fact No 10**:   Item 2 of the Declarations identifies the Policy Period for the 2015 Policy as spanning "From 12:01 a.m. 04/02/2015 To 12:01 a.m. 02/01/2016."

4

**Plaintiff's Response:**     Admit.

**B. The 2016 Policy**

**Defendant's Statement of Fact No 11:**     ACE issued ACE Scholastic Advantage Educators Legal Liability Policy No. EON G23670471 004 to P.B.S.D. for the period February 1, 2016 to February 1, 2017 (the "2016 Policy"). The Declarations for the 2016 Policy contain a statement in bold and capital letters stating that "**THIS POLICY IS A CLAIMS MADE AND REPORTED POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE INSURER DURING THE POLICY PERIOD….**"

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 12:**     The Insuring Agreement for the Employment Practices Liability coverage section in the 2016 Policy provides that "[t]he Insurer will pay on behalf of the Insureds all Damages and Claims Expenses for which the Insured becomes [sic] legally obligated to pay by reason of a Claim first made against an Insured and reported to the Insurer during the Policy Period…."

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 13:**     The 2016 Policy defines "Claim" to include "a civil, administrative or regulatory proceeding against any Insured

commenced by…the issuance of a notice of charge or formal investigative order, including without limitation any such proceeding by or in association with…the Equal Employment Opportunity Commission."  The 2016 Policy also defines "Claim" to include "a civil proceeding against any Insured seeking monetary Damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading.

   **Plaintiff's Response:**   Admit that the language set forth above is included in the definition of "Claim".  However, there are several other sub paragraphs setting forth instances which fall within the definition of claim.

   **Defendant's Statement of Fact No 14:**   The Limit of Liability Section for the 2016 Policy provides, in part, "[a]ll Claims arising out of the same Wrongful Act and all Interrelated Wrongful Acts of the Insureds shall be deemed to be one Claim. Such Claim shall be deemed to be first made on the date the earliest of such Claim is first made, regardless of whether such date is before or during the Policy Period."

   **Plaintiff's Response:**   Admit.

   **Defendant's Statement of Fact No 15:**   "Wrongful Acts" are defined in the 2016 Policy to include "Wrongful Employment Practices committed or attempted by the Educational Institution or by any Insured Educator acting solely in their capacity as such and on behalf of the Educational Institution.…"

6

"Wrongful Employment Practices" include "1. wrongful dismissal, discharge or termination, whether actual or constructive; . . . 3. Discrimination; . . . 4. Sexual Harassment or unlawful workplace harassment; . . . 8. wrongful discipline; 9. Retaliation...of any past, present or prospective full-time, part-time, seasonal and temporary Employee… of the Educational Institution."

**Plaintiff's Response:**   Admit that this language is included in the definitions of "Wrongful Acts" or "Wrongful Employment Practices", however, Defendant has only set forth portions of the defined terms.

**Defendant's Statement of Fact No 16**:     "Interrelated Wrongful Acts" are defined in the 2016 Policy as "[a]ll Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause of series of related facts, circumstances situations, events, transactions or causes."

**Plaintiff's Response:**   Admit.

**Defendant's Statement of Fact No 17:**   The 2016 Policy includes the following definition for "Policy Period": "The period of time specified in Item 2 of the Declarations, subject to prior termination pursuant to Section VIX, Termination of the Policy."

**Plaintiff's Response:**   Admit in part and deny in part.  Deny that the definition of "Policy Period" refers to Section VIX, because it actually refers to Section XIV.  Otherwise admitted.

**Defendant's Statement of Fact No 18**:     Item 2 of the Declarations identifies the Policy Period for the 2016 Policy as spanning "From 12:01 a.m. 02/01/2016 To 12:01 a.m. 02/01/2017."

**Plaintiff's Response**:     Admit.

## C. Celeste Alexander's Sexual Harassment Claim

**Defendant's Statement of Fact No 19**:     Celeste Alexander was a math teacher at Pine Bluff High School during the 2014-15 school year. Michael Nellums was the principal of Pine Bluff High School and was Ms. Alexander's supervisor.

**Plaintiff's Response**:     Admit.

**Defendant's Statement of Fact No 20**:     Ms. Alexander alleged in a lawsuit she filed against P.B.S.D. on September 22, 2016 that Mr. Nellums began sexually harassing her in or around November 2014. She alleged that Mr. Nellums retaliated against her after she rejected his advances, by calling her to meetings where no one was present; ignoring her emails; improperly scrutinizing her work; and falsely accusing her of unprofessional conduct.  Ms. Alexander was notified in April 2015 that she was one of several teachers terminated in a reduction of force. In her Complaint against P.B.S.D. she alleged that her termination and failure to be rehired were in retaliation for her reaction to Mr. Nellums' alleged sexual harassment.  Ms. Alexander alleged in her Complaint

8

that she reported the alleged sexual harassment to P.B.S.D. on or around June 3, 2015.

**Plaintiff's Response:**    Without admitting the accuracy of the allegations in the underlying case, admit that Ms. Alexander alleged the matters set forth above in her lawsuit.

**Defendant's Statement of Fact No 21:**    Ms. Alexander filed a Charge of Discrimination with the EEOC on December 1, 2015 (Charge No. 493-2016-00340).    Her Charge lists P.B.S.D. as "the Employer…That I Believe Discriminated Against Me or Others." In her Charge, Ms. Alexander marked a box indicating that her discrimination was based on "Retaliation."

**Plaintiff's Response:**    Admit that these allegations were included in the Charge of Discrimination, but deny that the allegations were accurate.

**Defendant's Statement of Fact No 22:**    Ms. Alexander alleged in her EEOC Charge: "I was hired September 19, 2014, as a Math Lab Coordinator/Math Teacher. I was identified for RIF in April 2015. I filed a sexual harassment complaint against my Principal in June 2015. I was not hired for the next school year and my employer hired uncertified and lesser-qualified math teachers in August 2015. I was told that I would never be rehired for making false allegations. I believe I was not rehired in retaliation for filing sexual harassment allegations in violation of Title VII of the Civil Rights Act of 1964,

9

as amended."

**Plaintiff's Response:**      Admit that Ms. Alexander made these allegations in her Charge of Discrimination, but deny that her allegations were accurate.

**Defendant's Statement of Fact No 23:**      P.B.S.D. received the December 1, 2015 EEOC Charge and filed a response and provided documents to the EEOC. P.B.S.D. submitted a Mediation Statement to the EEOC on January 21, 2016, and it submitted a Position Statement to the EEOC on January 28, 2016. On January 29, 2016, P.B.S.D. submitted written responses and documents in response to 18 inquiries and requests for documentation that the EEOC requested from P.B.S.D..

**Plaintiff's Response:**      Admit.

**Defendant's Statement of Fact No 24:**      The EEOC issued a Dismissal and Notice of Rights on June 24, 2016. The EEOC's right to sue letter gave Alexander 90 days from her receipt of the Notice of Rights to file suit.

**Plaintiff's Response:**      Admit.

**Defendant's Statement of Fact No 25:**      Ms. Alexander filed a Complaint for Damages against P.B.S.D. and Nellums in the United States District Court for the Eastern District of Arkansas on September 22, 2016 (Civil Action No. 5:16-cv-00300-BSM).   Ms. Alexander alleged that she "timely filed a charge of discrimination against Defendant with the [EEOC]," and that her lawsuit was

"commenced within ninety (90) days of receipt of the 'Notice of Right to Sue.'"

**Plaintiff's Response**:     Admit.

**Defendant's Statement of Fact No 26**:     The Complaint alleged that Ms. Alexander "was not called back from the ROF or rehired, because of her complaints of sexual harassment" and that "[o]ther teachers were hired…despite being lesser qualified than Plaintiff Alexander in violation of [P.B.S.D.'s] Reduction of Force Policies."

**Plaintiff's Response**:     Admit that these allegations were made, but deny that the allegations were accurate.

**Defendant's Statement of Fact No 27**:     Ms. Alexander's December 1, 2015 EEOC Charge is a "Claim" as defined in the ACE Policies as: "a civil, administrative or regulatory proceeding against any Insured commenced by…the issuance of a notice of charge or formal investigative order, including without limitation any such proceeding by or in association with…the Equal Employment Opportunity Commission.…"

**Plaintiff's Response**:     Admit.

**Defendant's Statement of Fact No 28**:     Ms. Alexander's September 22, 2016 Complaint for Damages is a "Claim" as defined in the ACE Policies as: "a civil proceeding against any Insured seeking monetary Damages or non-monetary or injunctive relief, commenced by the service of a complaint… ."

11

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 29:**     The December 1, 2015 EEOC Charge and P.B.S.D.'s responses to the EEOC on January 26, 2016, January 28, 2016, and January 29, 2016 all occurred during the 2015 Policy Period between April 2, 2015 and February 1, 2016.

**Plaintiff's Response:**     Admit.

**D. P.B.S.D.'s Demand for Insurance Coverage from ACE**

**Defendant's Statement of Fact No 30:**     P.B.S.D. first reported Ms. Alexander's Claim (her lawsuit) to ACE on October 3, 2016.   P.B.S.D.'s insurance agent attached to the loss notice a copy of the lawsuit and an email from P.B.S.D.'s counsel. The email states that "[t]here was a related EEOC claim and investigation by the Arkansas Department of Education Professional Licensure Standards Board, which dismissed the allegations. The EEOC issued a right to sue letter on June 24, 2016."

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 31:**     ACE acknowledged receipt of Ms. Alexander's Claim and sent an email to P.B.S.D.'s Superintendent, Dr. Michael Robinson, on October 20, 2016. ACE requested that P.B.S.D. provide "a copy of the EEOC charge filed against Ms. Alexander," along with "any documents relating to the [June 2015] grievance process."

12

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 32:**     ACE sent P.B.S.D. a letter on October 25, 2016 requesting that P.B.S.D. provide ACE with "(i) a copy of the charge filed by Alexander with the U.S. Equal Employment Opportunity Commission ('EEOC') and (ii) a copy of any written demands, complaints, grievances, etc. from Alexander received by the Insured prior to the EEOC charge and lawsuit."   The October 25, 2016 ACE letter states that ACE "reserves the right to amend and/or deny coverage based on review of this information."

**Plaintiff's Response:**     Admit.

**Defendant's Statement of Fact No 33:**     ACE's October 25, 2016 letter includes a complete reservation of rights, including "the right to withdraw the defense provided in this matter and the right…to address additional coverage issues as they may arise, based upon the Policy and/or additional facts that may come to [ACE's] attention." ACE stated in its October 25, 2016 letter that "[n]othing contained in this letter, and no action on [ACE's] part in investigating these matters, should be construed as an admission of coverage or as a waiver of any right, remedy, or defense that may be available to [ACE]."

**Plaintiff's Response:**     Admit in part and deny in part.  Admit that the quoted language above was included in the October 25, 2016 letter.  However,

13

deny as to the characterization that this constituted a "complete reservation of rights".

**Defendant's Statement of Fact No 34**:     P.B.S.D. first provided the EEOC Charge to ACE on November 22, 2017.

**Plaintiff's Response**:     Admit in part and deny in part.  Admit that it appears that November 22, 2017 was when this document was sent to ACE by PBSD's counsel.  However, deny to the extent this statement suggests that PBSD was not diligent in sending this document earlier.  Deny to the extent this statement suggests that ACE demonstrated sufficient diligence in obtaining the document.  Deny to the extent this statement suggests that ACE was not already in possession of certain information regarding the EEOC charge which could have lead it to make its coverage decision earlier.

**Defendant's Statement of Fact No 35**:     On February 14, 2018 ACE issued a supplemental coverage position based on its discovery that the December 1, 2015 EEOC Charge and P.B.S.D.'s responses to the EEOC on January 26, 2016, January 28, 2016, and January 29, 2016 all occurred during the 2015 Policy Period from April 2, 2015 to February 1, 2016.

**Plaintiff's Response**:     Admit in part and deny in part.  Admit that ACE issued a supplemental coverage position on February 14, 2018.  Deny as to the characterization relevant information was "discover[ed]" by ACE immediately

14

prior to the February 14, 2018 letter, because some information regarding the EEOC claim was already in ACE's possession.

**Defendant's Statement of Fact No 36**:     ACE advised P.B.S.D. in the February 14, 2018 letter that there "is no coverage under the [2015] Policy" because ACE "was first provided with notice of this matter on October 3, 2016, more than 60 days after the end of the [2015] Policy."

**Plaintiff's Response**:     Admit that the February 14, 2018 letter makes these statements, but without admitting that the determinations in the letter were proper or correct under these circumstances.

**Defendant's Statement of Fact No 37**:     ACE advised P.B.S.D. that "coverage for this matter is precluded in its entirety" under the 2016 Policy because "the Claim in this matter is considered made...prior to the policy period of February 1, 2016 to February 1, 2017."

**Plaintiff's Response**:     Admit that the February 14, 2018 letter states makes these statements, but without admitting the determinations in the letter were proper or correct under these circumstances.

**Defendant's Statement of Fact No 38**:     P.B.S.D. settled Ms. Alexander's Claim in March 2018 for $50,000. Ms. Alexander was awarded prevailing party fees pursuant to the terms of the settlement. On August 30, 2018, the Court entered an order awarding Alexander $100,000 in attorneys' fees and

15

$19,367.37 in costs.

**Plaintiff's Response:**     Admit.  However, the August 30, 2018 order in the underlying case also states that Ms. Alexander's settlement also included a $7,000 payment to her retirement account, and re-employment with the school district.

**Defendant's Statement of Fact No 39:**     P.B.S.D. filed this lawsuit against ACE on June 1, 2018. P.B.S.D. demands payment of the $50,000 settlement, the $119,367.37 prevailing party award, and $82,425.22 in Claims Expenses P.B.S.D. incurred defending against the *Alexander* lawsuit. [ECF No. 2].

**Plaintiff's Response:**     Admit in part and deny in part.   Admit that damages set forth above are among the damages being sought by Plaintiff. However, deny to the extent that the statement above attempts to limit the characterization of the damages sought by Plaintiff.  Plaintiff's Complaint was more broad in its damages claim, and stated: "Plaintiff asks for an award of damages for all of the expenses paid by the Plaintiff arising from the Federal Court litigation including, but not limited to, attorneys' fees expended, costs paid by the Plaintiff, together with a Declaratory Judgment that there is coverage from the Defendants to the Plaintiff under these circumstances together with a 12% penalty in attorneys' fees, and any all other expenses

incurred by the Plaintiff in the defense of the underlying case including, but not limited to, the settlement amount reached with the Plaintiff in the underlying case, Celeste Alexander, together with any award of attorneys' fees by the Federal Court to the attorney for Celeste Alexander, together with any and all other expenses incurred and/or sustained by the Plaintiff arising from this incident."  Docket No. 2 at ¶ 26.

**PINE BLUFF SCHOOL DISTRICT, PLAINTIFF**

By:  /S/ DAVID A. HODGES
        **DAVID A. HODGES**
        **Attorney at Law**
        **Centre Place**
        **212 Center Street, Fifth Floor**
        **Little Rock, Arkansas 72201-2429**
        **Arkansas Bar No. 65021**
        **Telephone:  (501) 374-2400**
        **Facsimile:  (501) 374-8926**
        **E-Mail:      david@hodgeslaw.com**
        **Website:    www.hodgeslaw.com**

17

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on April 26, 2019 I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

David B. Vandergriff
Quattlebeaum, Groom & Tull, PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201

/s/ David A. Hodges